ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| WILLIAM RIVERA Y MEGA LYNN DEAN, FRANCES MALDONADO ROSADO, JENNIFER LYNNE CHAITIN; JOHN EDWARD PETERSON & MARY GRISSEL RUIZ-VACHIER<br><br>Parte Peticionaria<br><br>v.<br><br>DEPARTAMENTO DE ASUNTOS DEL CONSUMIDOR (DACo)<br><br>Parte Peticionada | KLRX202400006 | *Mandamus* procedente del Departamento de Asuntos del Consumidor<br><br><br><br>Querella Núm.: C-SAN-2023-0012681 |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores.

Rodríguez Flores, Juez Ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 9 de mayo de 2024.

La parte peticionaria[1] comparece ante este Tribunal mediante auto de *Mandamus* instado el 10 de abril de 2024. Solicita que le ordenemos al Departamento de Asuntos del Consumidor (DACo) celebrar la vista y dictar la correspondiente resolución en su caso. Expuso que presentó su querella el 31 de enero de 2023, y aún no se ha celebrado la vista adjudicativa ante la agencia, lo que excede el plazo de seis (6) meses establecido en la Sección 3.13 (g) de la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico,* Ley Núm. 38-2017, 3 LPRA sec. 9653.

---

[1] La parte peticionaria está compuesta por William Rivera & Megan Lynn Dean; Frances Maldonado Rosado; Jennifer Lynne Chaitin; John Edward Peterson & Mary Grissel Ruiz-Vachier (todos titulares del Condominio Playamar en Carolina).

El 12 de abril de 2024, emitimos una resolución en la que ordenamos al DACo mostrar causa por la cual no debíamos expedir el auto extraordinario solicitado.

El 19 de abril de 2024, el DACo compareció y nos informa que señaló una vista para el 7 de mayo de 2024, a las 9:30 a.m., con el fin de adjudicar la querella. Explicó que la querella es una al amparo de la *Ley de Condominios de Puerto Rico*, Ley Núm. 129-2020, desde cuya aprobación la agencia ha confrontado un aumento vertiginoso en la radicación de este tipo de querellas, pero que ha tomado medidas para atender el incremento, tales como el aumento en el número de jueces administrativos.

Atendida la comparecencia del DACo y luego de examinar la orden de señalamiento de vista administrativa, este Tribunal resuelve denegar la expedición del auto de *Mandamus*.

**I.**

**A.**

El Art. 649 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3421, recoge el significado y alcance del recurso extraordinario del *Mandamus* y dispone que, el auto de *Mandamus* es un auto altamente privilegiado dictado por el Tribunal Supremo del Estado Libre Asociado, o por el Tribunal de Primera Instancia de Puerto Rico, a nombre del Estado Libre Asociado de Puerto Rico, y dirigido a alguna persona o personas naturales, a una corporación o a un tribunal judicial de inferior categoría dentro de su jurisdicción requiriéndoles para el cumplimiento de algún acto que en dicho auto no se exprese y que esté dentro de sus atribuciones o deberes. Dicho auto no confiere nueva autoridad y la parte a quien obliga deberá tener la facultad de poder cumplirlo.

Este recurso está concebido para obligar a cualquier persona, corporación, junta o tribunal de inferior jerarquía a cumplir un acto que la ley particularmente le ordena como un deber resultante de

un empleo, cargo o función pública, cuando ese deber no admite discreción en su ejercicio, sino que es ministerial. Nuestra jurisprudencia ha definido un deber ministerial como aquel deber impuesto por la ley que no permite discreción en su ejercicio, sino que es mandatorio e imperativo. *Noriega v. Hernández Colón,* 135 DPR 406, 448 (1994). Por otro lado, el recurso no puede ser expedido si el demandante tiene a su alcance otro remedio legal adecuado. Art. 651 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3423.

El carácter privilegiado del recurso de *Mandamus* conlleva que su expedición sea de carácter discrecional. *Báez Galib y otros v. C.E.E. II,* 152 DPR 382, 391-392 (2000). Además, "[l]a procedencia del *Mandamus* depende inexorablemente del carácter del acto que se pretende compeler mediante dicho recurso". *Acevedo Vilá v. Aponte Hernández,* 168 DPR 443, 454 (2006).

Entre los factores a tomarse en consideración, cuando se solicita de un tribunal la expedición de un auto de *Mandamus,* se encuentran: el posible impacto que éste pueda tener sobre los intereses públicos que puedan estar involucrados; el evitar una intromisión indebida en los procedimientos del poder ejecutivo, y que el auto no se preste a confusión o perjuicios de los derechos de terceros. *Báez Galib y otros v. C.E.E. II,* supra, pág. 392; *Noriega v. Hernández Colón,* supra, pág. 448.

**B.**

El Tribunal Supremo ha establecido que el término de seis (6) meses para emitir la resolución final en un caso ante una agencia no es jurisdiccional, sino de cumplimiento estricto. De igual manera, se reafirmó que la ampliación del término sólo ocurre en circunstancias excepcionales. Nuestra última instancia judicial en derecho local ha dispuesto que una persona afectada por la dilación en exceso de los seis (6) meses tiene como remedio presentar el recurso extraordinario de *Mandamus* ante el Tribunal de

Apelaciones. *Exam. Tec. Méd. v. Elías et al.*, 144 DPR 483, 494–495 (1997).

**II.**

Considerado el derecho vigente aplicado a la situación de hechos ante nuestra consideración, concluimos que este caso no amerita la expedición del auto de *Mandamus* solicitado.

El DACo compareció e informó que, desde la aprobación de la *Ley de Condominios de Puerto Rico*, Ley Núm. 129-2020, ha confrontado un aumento vertiginoso en la radicación de querellas que incluyen condominios y ha tomado medidas para atender el incremento, tales como el aumento en el número de jueces administrativos. A su vez, notificó que señaló una vista para el 7 de mayo de 2024, a las 9:30 a.m., a los fines de poder adjudicar la querella.

Surge de la LPAU, *supra*, que el término de seis (6) meses para la solución de la controversia ante el DACo no es jurisdiccional. Nuestro más alto foro ha establecido que estos términos son directivos y por circunstancias excepcionales pueden ser prorrogados. Aquí no se presenta una situación de total inacción por parte del DACo, aunque sí de dilación.

Se desprende de la comparecencia de la agencia, que, ante la radicación del recurso, ésta no se cruzó de brazos. El DACo señaló la vista, conforme lo solicitó la parte peticionaria. Examinada la comparecencia de la agencia concernida, consideramos que, si bien es cierto que la agencia administrativa se ha tardado más allá del término establecido en la disposición legal citada, la dilación ha sido causada por el aumento de querellas y la escasez de jueces administrativos para atenderlas. El DACo indicó que, con el aumento de querellas, en el 2024 asignó cuatro (4) jueces administrativos adicionales y actualmente cuenta con doce (12) para atener el incremento.

En estas circunstancias, colegimos que la agencia está tramitando la querella de manera que ésta sea resuelta prontamente. Por lo cual, no procede expedir el auto de *Mandamus* solicitado. No obstante, instamos a la agencia a que, una vez se celebre el señalamiento indicado, proceda a resolver finalmente el asunto a la brevedad posible.

**III.**

Por los fundamentos que anteceden, y entendiendo que el DACo celebró la vista solicitada por los peticionarios, se deniega la expedición del auto de *Mandamus* solicitado.

**Notifíquese inmediatamente.**

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones